IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL M. COULLIETTE,

    Petitioner,

v.                                                      CASE NO. 5:12-cv-355-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 2, Petitioner's motion for leave to proceed as a pauper. Petitioner's motion is due to be granted, and the Respondent will be directed to file a response to the Petition.

The response shall be styled as an answer unless a motion to dismiss the petition, in whole or in part, due to a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations is appropriate, in which case such ground shall be asserted by motion. *See* § 2254 Rule 4 and Advisory Committee Notes (Court may authorize Respondent to address procedural bars by way of a motion to dismiss, "which may avoid burdening the Respondent with the necessity of filing an answer on the substantive merits of the petition."); § 2254 Rule 5(b). If a motion to dismiss some or all of the claims on a procedural ground is filed, Respondent need not also file an answer *as to the merits of those claims only* until the Court rules on the motion asserting the procedural ground. *See id*. Respondent may respond to the merits of the Petition without waiving the exhaustion requirement. *See* § 2254(b)(2) and §

2254(b)(3).

Petitioner may file a reply to any of Respondent's arguments, including a motion to dismiss, within the time set by this order, but is not required to do so. § 2254 Rule 5(e).

The Court will review the record after the answer (or other motion) and Petitioner's reply (if any) are filed. If it does not appear that a hearing or additional argument is warranted, then the undersigned will make appropriate disposition of the motion or petition. If an evidentiary hearing is warranted and permitted,[1] counsel will be appointed. § 2254 Rule 8.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that**:**

1. Petitioner's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2. The clerk shall serve a copy of the Petition, Doc. 1, along with this order, to Respondent and the Attorney General of the State of Florida via certified mail, return receipt requested.

3. Respondent shall file an answer or other pleading on or before **March 5, 2013.** If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

4. Petitioner shall have until **April 4, 2013**, to file a reply, if desired.

**DONE AND ORDERED** this 5th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Section 2254(e)(2) generally bars the court from granting an evidentiary hearing if the Petitioner failed to properly develop the facts in support of his claim in state court. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 n.1 (2007). Even where not barred by the statute, the Court has the discretion to deny a hearing if the record refutes the allegations or otherwise precludes relief. Id. (citations omitted).

*Case No: 5:12-cv-355-RS-GRJ*