IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL COULLIETTE,

      Petitioner,

v.                                                    CASE NO. 5:12-cv-355-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254, challenging his 2006 Jackson County conviction for lewd

and lascivious molestation.  (Doc. 1.)   After his petition was served, Petitioner

requested leave to amend the petition, which was granted.  (Docs. 7, 8.)  Petitioner filed

his amended Petition for a Writ of Habeas Corpus on February 8, 2013.  (Doc. 9.)  Now

pending before the Court is Respondent's motion to dismiss the amended Petition.

(Doc. 21.)  Petitioner has filed a response, and a supplement to his response.  (Docs.

22, 23.)  Upon due consideration of the motion to dismiss, the Petitioner's response,

and the state-court record, the undersigned recommends that the motion to dismiss be

granted.[1]

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA

---

[1] Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

have a one-year period within which to seek federal habeas corpus review of their

convictions.  A one-year period of limitation applies to the filing of a habeas petition by a

person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year limitations period is statutorily tolled during the

pendency of a properly-filed state application for post conviction relief, and may be

equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2);

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

Petitioner's state court procedural history is as follows: Petitioner was convicted

of one count of lewd and lascivious molestation following his jury trial on January 4,

2006.  (Doc. 21, Ex. C.)  He was sentenced on January 24, 2006 to life imprisonment.[2]

(Ex. D.)  Petitioner appealed his conviction, which was affirmed with a written opinion by

the First DCA on January 30, 2007.  (Ex. K); *Coulliette v. State,* 949 So. 2d 1078 (Fla.

1st DCA 2007).  Petitioner filed a motion for rehearing and/or rehearing en banc, which

---

[2] While Petitioner's direct appeal was pending, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800.  (Exh. F.)  Pursuant to his motion, Petitioner was re-sentenced to 30-years imprisonment on June 20, 2006 nunc pro tunc. (Exh. G.)

was denied on March 2, 2007.  (Ex. L.)  Because the First DCA issued a written opinion, Petitioner could have sought discretionary review in the Florida Supreme Court, but he did not do so.  Accordingly, Petitioner's conviction became final on April 2, 2007, 30 days after the First DCA denied his motion for rehearing, when the time to seek discretionary review expired.  FLA. R. APP. P. 9.120.

After Petitioner's conviction became final on April 2, 2007, the one-year limitation for a full year until it expired on April 2, 2008.  The record reflects that after the one-year limitation period expired, Petitioner filed numerous state court applications for relief, including a Fla. R. Crim. P. 3.850 motion on March 11, 2009 (Ex. N1); a state petition for a writ of habeas corpus on November 8, 2011 (Ex. DD); a second state petition for a writ of habeas corpus on January 10, 2012 (Ex. FF); and also a third state petition for a writ of habeas corpus on August 14, 2012 (Ex. LL.)  These motions did not act as tolling motions because the one-year limitation period already had expired.

Petitioner's federal habeas petition was provided to prison officials for mailing on October 24, 2012.  (Doc. 1.)  His amended petition was provided for mailing on February 6, 2013. (Doc. 9.)  Thus, each of these petitions was filed more than four years *after* the limitation period expired.

Accordingly, because Petitioner did not file the instant habeas petition until more than four years after the limitations period already had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

### The "Actual Innocence" Exception to the Limitations Period Does Not Apply

In paragraph 18 of the amended petition, Petitioner contends that "Grounds 1, 2,

3, 5 are filed under the manifest injustice exception," and "Ground 4 is filed under the fundamental miscarriage of justice exception," and "Ground 6 is filed under the miscarriage of justice exception and newly enacted Supreme Court law." (Doc. 9, page 13.) Thus, it appears that with respects to Grounds 1-5 Petitioner is trying to make a claim of actual innocence in his amended petition.

Recently, in *McQuiggin v Perkins*, __ U.S. __, __ S.Ct. __, 2013 WL 2300806, Slip. Op. 12-126 (May 28, 2013) the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, ... expiration of the statute of limitations. *Id.* at *3. To satisfy the "actual innocence" exception to the AEDPA's one-year time limit, a petitioner is required (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Thus, even under *McQuiggin* a petitioner is still required to come forward with new reliable evidence of innocence that was not presented at trial in order to pass through the "actual innocense" gateway to obtain federal habeas review.

In the instant case, Petitioner alleges no facts that would give rise to the actual innocence exception. None of the six grounds Petitioner presents for relief in the

amended § 2254 petition involve any assertion or mention of newly discovered evidence. Therefore, the absence of any new reliable evidence of Petitioner's asserted innocence is fatal to Petitioner's claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D. Fla. 2012) (unpublished).

### There is No "Newly Recognized Constitutional Right"

With respect to Ground 6 of his amended petition, Petitioner asserts that a different statutory trigger applies. (Doc. 9, page 13.) Petitioner alleges that the Supreme Court created a new Constitutional right in *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376 (2012), thus rendering his petition timely under AEDPA. Pursuant to 28 U.S.C. § 2244(d)(1)(C), the one-year limitation period runs from the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Missouri v. Frye* and *Lafler v. Cooper* the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 566 U.S. ___, 132 S.Ct. at 1404–08; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 566 U.S. at ——, 132 S.Ct. at 1384 (internal quotation marks omitted). The Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant must demonstrate a reasonable probability that: (1) he

would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Frye*, 566 U.S. at ___, 132 S.Ct. at 1409; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384–85.

The Eleventh Circuit has held, however, that *Frye* and *Lafler* did not set forth new rules of constitutional law because those cases are "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012.)  Thus, the panel in *Perez* concluded that "[B]ecause we cannot say that either *Lafler* or *Frye* 'breaks new ground or imposes a new obligation on the State or Federal Government,' they did not announce new rules." *Id* at 933. Thus, because the Supreme Court in *Lafler* and *Frye* did not recognize a new constitutional right, there is no basis for re-starting the limitations period under § 2244(d)(1)(C).[3]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

---

[3] With respect to equitable tolling, Petitioner has not asserted: (1) any entitlement to equitable tolling, or alleged any facts suggesting that his delay was the result of extraordinary circumstances; (2) that he attempted to file his federal habeas petition within the limitations period; or (3) that he diligently pursued relief. Thus, Petitioner has failed to meet his burden of proving entitlement to equitable tolling by showing "extraordinary circumstances that were both beyond his control and unavoidable even with diligence that prevented filing the petition on time." *Jones v. United States*, 304 F. 3d 1035, 1039-40 (11th Cir. 2002).

filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion To Dismiss Amended Petition For Writ of Habeas Corpus, Doc. 21, should be **GRANTED** and the amended petition for writ of habeas corpus, Doc. 9, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this16[th] day of January 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.